UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUGENE R.,

                          Plaintiff,

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                        Defendant.
_____

DECISION AND ORDER

20-CV-1548L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On September 25, 2017 plaintiff, then forty-four years old, filed an application for supplemental security income, alleging disability beginning December 1, 2010. (Dkt. #8 at 22). His application was initially denied. Plaintiff requested a hearing, which was held on November 1, 2019 before Administrative Law Judge ("ALJ") Stephan Bell. *Id.* The ALJ issued an unfavorable decision on December 20, 2019, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 22-37). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 31, 2020. (Dkt. #8 at 1-3). Plaintiff now appeals.

        The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #9), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #11),

pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion is granted, the plaintiff's motion is denied, and the Commissioner's decision is affirmed.

**DISCUSSION**

**I.    Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). See 20 CFR §§ 404.1509, 404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**II.    The ALJ's Decision**

The ALJ determined that the plaintiff had the following severe impairments, not meeting or equaling a listed impairment: degenerative joint disease of the right knee, tendinitis of the left shoulder, bipolar disorder, adjustment disorder, and cannabis abuse. (Dkt. #8 at 24).

Applying the special technique for evaluating mental impairments, the ALJ found that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence, and maintaining pace, and a mild limitation in adapting or managing himself. The ALJ accordingly found plaintiff's mental impairments to be non-disabling. (Dkt. #8 at 26-27).

Upon review of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work, except that he could lift and carry, or push and pull, up to 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and/or walk for up to six hours total in an eight-hour workday. He can frequently reach overhead and in all directions to the left,

and can occasionally climb ramps and stairs, ladders, ropes, or scaffolds, kneel, crawl, and work in vibration. He is able to perform simple, routine tasks and make simple work-related decisions. He can have no more than occasional contact with supervisors, coworkers, and the public. (Dkt. #8 at 28).

Plaintiff had no past relevant work to assess. However, when presented with this RFC determination at the hearing, vocational expert Lanell R. Hall testified that such an individual could perform the representative light unskilled positions of marker, office helper, and mail clerk. (Dkt. #8 at 36). The ALJ therefore found plaintiff not disabled.

## III.   The ALJ's Development of the Record

Plaintiff initially argues that the ALJ failed to sufficiently develop the record with respect to plaintiff's mental health limitations, by failing to exercise his power to subpoena records from BestSelf Behavioral Health ("BestSelf"), after repeated requests resulted in an incomplete response.

I do not find that the absence of additional BestSelf records created a gap in the record, or that the ALJ otherwise failed to satisfy their obligation to complete it. The agency made two written requests to BestSelf, seeking plaintiff's treatment records, eventually receiving his intake records from 2015, and treatment records covering the period from March 2, 2015 through May 22, 2017. (Dkt. #8 at 342-49, 402-407). At the time of plaintiff's hearing on November 1, 2019, plaintiff's counsel informed the ALJ that more recent treatment records from BestSelf were still outstanding, and the ALJ granted plaintiff two additional weeks to submit them. Plaintiff did not. On November 21, 2019, the ALJ wrote to plaintiff's counsel indicating that the record had been left open for the submission of additional evidence, and granted an extension of time for plaintiff to do so. Plaintiff did not respond.

Plaintiff is correct that, where a record contains obvious gaps that render it incomplete, an ALJ can and should exercise their discretion to subpoena the missing evidence. *See Kennedy v. Commissioner*, 2019 U.S. Dist. LEXIS 33093 at *8 (W.D.N.Y. 2019)(collecting cases, and observing that "[i]t has been well-established that the decision to issue a subpoena lies within the discretion of the ALJ and is exercised when the record is incomplete").

Here, however, the absence of BestSelf records for the period after May 22, 2017 did not present any obvious gap in the record. Ultimately, the ALJ was tasked with determining whether plaintiff was under a disability on or before September 25, 2017, the date the application for benefits was filed. (Dkt. #8 at 23). The record before him included intake records and progress note summaries from BestSelf (formerly Lakeshore Behavioral Health) from March 2, 2015 through May 22, 2017 (Dkt. #8 at 342-49, 401-407) – the vast majority of the relevant period – as well as counseling records from St. Vincent Health Center from September 1, 2015 through December 5, 2017 (Dkt. #8 at 426-539), and medical opinions from two examining psychologists and a reviewing state agency psychological consultant. The record before the ALJ was sufficient to make an RFC determination supported by substantial evidence, and the ALJ's decision not to subpoena additional records was a proper exercise of their discretion. Remand is not required.

## IV.    The Appeals Council's Evaluation of Post-Decision Evidence

Plaintiff also contends that the Appeals Council erred when it declined to consider medical evidence that was submitted after the ALJ's unfavorable decision.

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material, relates to the period on or before the date of the ALJ's decision, and for which there is a reasonable probability that consideration of that evidence would change the outcome of the decision. *See* 20 C.F.R.

§416.1470(a)(5), (b); §416.1476(b). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

The evidence at issue is evidently the same "missing" material that plaintiff argues created a gap in the record before the ALJ – plaintiff's mental health records from BestSelf from August 21, 2017 through October 9, 2019. These records were eventually obtained by plaintiff's counsel, and submitted to the Appeals Council, after the ALJ's decision was rendered. (Dkt. #8 at 67-145). The Appeals Council rejected them on the grounds that consideration of the records would not be reasonably probable to "change the outcome of the decision." (Dkt. #8 at 2). The Court concurs.

The records at issue were consistent with, and largely duplicative of, the mental health treatment notes already in the record. They generally reflected effective management and longitudinal improvement of plaintiff's mental health symptoms, and his Patient Health Questionnaires (a tool for diagnosing and grading depression symptoms) uniformly rated his symptoms as "none/minimal." (Dkt. #8 at 75, 83-84, 90-91, 114-15, 129). By August 21, 2017 and thereafter, plaintiff reported that he was no longer taking psychiatric medication, and believed he was effectively managing his symptoms without it. (Dkt. #8 at 136). In short, the records indicate no more than mild mental health symptoms.

Mild mental health symptoms are not inconsistent with the ALJ's RFC determination, which limited plaintiff to simple, unskilled work involving simple decision-making and no more than occasional social interaction. *See generally Jahmari R. v. Commissioner*, 2022 U.S. Dist. LEXIS 53547 at *14 (W.D.N.Y. 2022)("a finding of up to moderate limitations in mental functioning does not preclude the ability to perform unskilled work"); *Tammy B. v. Commissioner*, 2021 U.S. Dist. LEXIS 100821 at *9-*10 (W.D.N.Y. 2021)("an RFC for unskilled work is not inconsistent with such moderate mental impairments"). As such, the Appeals Council did not err

in concluding that records testifying to such symptoms would not have "change[d] the outcome" of the ALJ's decision. (Dkt. #8 at 2).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted, plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, the decision appealed-from is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 20, 2022.

6